IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE (ADD),<br><br>**Plaintiff,**<br><br>*vs.*<br><br>WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in their official capacities,<br><br>**Defendants.** | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff John Doe (ADD) ("Plaintiff") hereby complains against Defendants William B. Lee and David B. Rausch as follows:

### INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. Plaintiff is a Tennessee resident who must comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 for the rest of his life. *See* Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2021) ("SORA").

3. Plaintiff was convicted of committing a sex offense that occurred before SORA took effect in 2004 and before Tennessee's first sex offender registry law took effect in 1995.

4. SORA imposes onerous restrictions on Plaintiff that burden his liberty in every aspect of his life. Plaintiff must report in person every calendar quarter and must report on 48 hours' notice for certain other reasons. Pursuant to SORA, the state of Tennessee publicly and falsely identifies Plaintiff as "violent." Plaintiff may not live, work, stand, "sit idly," or remain in vast areas of the state of Tennessee, especially within its cities and towns. Plaintiff cannot attend his children's school functions and sporting events. Plaintiff must comply with these restrictions and obligations for the rest of his life. Any failure to comply is a felony punishable by a mandatory minimum prison term.

5. Individually and in combination, SORA's requirements and limitations are punitive in effect and therefore constitute an unconstitutional *ex post facto* law as applied to Plaintiff.

6. Plaintiff seeks declaratory and injunctive relief barring SORA's application to Plaintiff.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of his rights under the United States Constitution.

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equitable powers of this Court.

9. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## PARTIES

### *Plaintiff*

10. Plaintiff is an individual who resides in Tennessee and is required to comply with SORA.

### *Defendant Lee*

11. Defendant William B. Lee is the Governor of the State of Tennessee and resides in the Middle District of Tennessee. He is sued in his official capacity.

12. Pursuant to Article III, section 1 of the Tennessee Constitution, the supreme executive power of the state is vested in the governor. The Tennessee Constitution further provides that the governor shall take care that applicable federal and state laws are faithfully executed. Tenn. Const., art. III, § 10 (West 2021). The governor is ultimately responsible for the enforcement of the laws of this state, including SORA, and for supervision of all state departments, including the Tennessee Bureau of Investigation (the "TBI"), which maintains the sex offender registry created by SORA.

13. Governor Lee is an appropriate defendant in a case challenging the constitutionality of SORA.

### *Defendant Rausch*

14. Defendant David B. Rausch is the Director of the TBI and resides in the Middle District of Tennessee. He is sued in his official capacity.

15. SORA requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-206(a) (West 2021). The TBI's responsibilities include enforcing SORA, maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms, providing statutorily-required notices to registrants, collecting registration fees, and coordinating with national law enforcement and the national sex offender registry. *See* Tenn. Code Ann. § 40-39-203(i), § 40-39-204(a) & (d), § 40-39-205(a) & (f), § 40-39-206 (West 2021).

16. The director of the TBI is an appropriate defendant in a case challenging the constitutionality of SORA.

## FACTS

### *Tennessee's Sex Offender Registry Law*

17. Tennessee's first sex offender registry law took effect January 1, 1995. 1994 Tenn. Pub. Laws, ch. 976, § 11 (West).

18. After multiple amendments, the original sex offender registry law was ultimately replaced by SORA, effective August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6 (West).

19. On March 2, 2013, Judge Aleta A. Trauger, United States District Judge for the Middle District of Tennessee issued a "memorandum" which stated that "the Court's holding in this case strongly suggests that Tennessee's policy of continuing to apply the Act [the SORA] to other individuals who committed pre-enactment offenses is unconstitutional. Indeed, that is putting things too mildly; the court's holding *definitely* suggests as much. How could it not?" *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

20. Also in Judge Aleta A. Trauger's "memorandum" was a statement quoting Judge Richardson in *Doe #11 v. Lee*, No. 3:22-CV- 00338, 2022 WL 2181800 (M.D. Tenn. June 16, 2022 that "all *Ex Post Facto* Clause claims based on the Act, regardless of how they are characterized, must be evaluated 'based on the law's face, not based on its application to a specific plaintiff,' other than with regard to "the date that the particular plaintiff . . . committed his offense." *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

*Dates of Plaintiff's Offenses*

21. According to The Tennessee Sex Offender Registry, Plaintiff's convictions occurred on January 1, 1992. (Ex. A).

# CLAIM FOR
# RELIEF

22. Plaintiff incorporates the preceding paragraphs by reference.

23. SORA applies retroactively to criminal offenses that occurred before SORA's effective date.

24. Individually and in combination, SORA's provisions are punitive in effect on their face and/or as applied to Plaintiff.

25. SORA therefore violates the Ex Post Facto Clause and is unconstitutional as applied to Plaintiff.

26. Plaintiff is therefore entitled to a judgment: (a) declaring that (i) SORA violates the Ex Post Facto Clause as applied to Plaintiff and (ii) Plaintiff has no obligation to comply with SORA; (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from enforcing SORA against Plaintiff, including the continued publication of Plaintiff's information on the SOR, and (ii) to remove Plaintiff's information from the SOR; and (c) awarding Plaintiff's reasonable attorney fees.

# REQUEST FOR RELIEF

For these reasons, Plaintiff requests the Court to grant judgment against Defendants:

1. (a) declaring that (i) SORA violates the Ex Post Facto Clause on its face based on Plaintiff's offense dates and (ii) Plaintiff has no obligation to comply with SORA; (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from enforcing SORA against Plaintiff, including the continued publication of Plaintiff's information on the SOR, and (ii) to remove Plaintiff's information from the SOR;

2. Awarding Plaintiff's costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b) following entry of judgment and upon Plaintiffs' motion pursuant to Fed. R. Civ. P. 54(d)(2); and

3. Granting any other necessary or proper relief.

Dated: September 5, 2023.

Respectfully submitted:

/s/ John B. Nisbet III   BPR No. 13364

P.O. Box 531
Livingston, Tennessee 38570
931.267.6203
nisbetcle@gmail.com

Plaintiff's Counsel